Filed 4/16/13  P. v. Garay CA2/5

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>FABIAN GARAY,<br><br>        Defendant and Appellant. | B240822<br><br>(Los Angeles County<br>Super. Ct. No. VA122940) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael L. Cowell, Judge.  Affirmed.

Renée Paradis, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Fabian Garay appeals his conviction, following a jury trial, of one count of making criminal threats in violation of Penal Code section 422.[1] An allegation pursuant to section 12022, subdivision (b)(1) that appellant used a deadly weapon in the commission of the offense was found not true. Appellant admitted the allegations that he had previously been convicted of a serious or violent felony as described in the "Three Strikes" law (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), that he had suffered a serious felony conviction pursuant to section 667, subdivision (a)(1), and that he had three prior prison terms pursuant to section 667.5. Appellant was sentenced to nine years in state prison, consisting of the midterm of two years, doubled pursuant to the Three Strikes law, and an additional five-year term for the section 667, subdivision (a)(1) allegation. The court imposed and stayed the three prison priors. We appointed counsel to represent him on this appeal. Finding no error, we affirm the judgment.

In late December of 2011, Marisol Serrano was staying with her friend, Prisscilla Martinez, at the home Martinez shared with her parents. On Christmas Day, Martinez refused the request of appellant, her cousin, to allow him to stay at the house. The following morning, appellant appeared on the front lawn of the house, yelling for Serrano to come outside. When she did, appellant began to pace back and forth and said, "You know what I could do to you. I could fuck you up all around the house," and other similarly threatening statements. Appellant retrieved a shovel from the yard, approached Serrano and threw it at her; it landed on her toe. Appellant told Serrano to "dig [her] own hole because [he] was going to fucking kill [her]." Appellant was visibly angry, and Serrano feared that he would kill her.

Martinez heard the altercation from the house, and came outside. She shepherded Serrano to the family's van. The women drove away and called 911. When the police arrived, appellant was arrested. The responding officer, Fabiola Pacheco, testified that both Serrano and Martinez appeared scared. Serrano was talking fast, breathing heavily, and tearing up.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Testifying in his own defense, appellant denied that he had threatened Serrano. He explained that he was certified disabled by the State of California; as a result, he was unable to engage in manual labor or other strenuous activity, and walked with a cane or walker. This latter testimony contradicted that of Serrano, Martinez and Officer Pacheco, who each testified that appellant exhibited no physical limitations or problems walking on the day of the incident.

After examination of the record, appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested that this court conduct an independent review of the entire appellate record to determine whether any arguable issues exist. On August 27, 2012, we advised appellant that he had 30 days in which to personally submit any contentions or issues which he wished us to consider. Although this court granted appellant multiple extensions of time in which to file a response, no response has been received to date.

We have examined the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 441.)

DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ARMSTRONG, Acting P. J.


We concur:


MOSK, J.                    KRIEGLER, J.


3